[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17211
Non-Argument Calendar
_____

D.C. Docket Nos. 0:15-cv-61860-WJZ; 0:13-cr-60167-WJZ-2


BURNETT GODBEE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Burnett Godbee appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, attempted Hobbs Act robbery, 18 U.S.C. § 1951, discharge of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Godbee contends *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated 18 U.S.C. § 924(c)(3)(B), and his convictions for Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not otherwise qualify as crimes of violence under § 924(c)(3)(A).

When we granted Godbee a certificate of appealability on whether *Johnson*'s void-for-vagueness ruling extends to § 924(c)(3)(B), we had not yet addressed the issue. We have, however, since concluded that *Johnson*'s void-for-vagueness ruling does not extend to § 924(c)(3)(B). *See Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017). Godbee's claim is foreclosed by *Ovalles*. Therefore, the denial of his § 2255 motion is

**AFFIRMED.**